E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 09 2021 12:25 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-05442-2

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| ANITA KHANDELWAL, Director, King County Department of Public Defense, | No. _____ |
| Plaintiff, | COMPLAINT |
| vs. | |
| KING COUNTY, KING COUNTY SUPERIOR COURT,  PRESIDING JUDGE JIM ROGERS in his official capacity, JUDGE KAREN DONOHUE in her official capacity, JUDGE VERONICA GALVAN in her official capacity, KING COUNTY PROSECUTING ATTORNEY'S OFFICE, KING COUNTY PROSECUTING ATTORNEY DAN SATTERBERG in his official capacity, and KING COUNTY DEPUTY PROSECUTING ATTORNEY DAN CLARK in his official capacity, | |
| Defendants. | |

## I.    INTRODUCTION

1.1     In King County, individuals subjected to warrantless arrest on suspicion of a felony offense have a first appearance hearing in King County District Court. The right to counsel attaches at the first appearance where the judge makes determinations regarding the existence of probable cause and sets any conditions of pretrial release—including bail amounts.

COMPLAINT – 1

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

1.2     Pretrial release shapes DPD's clients' outcomes. Studies on pretrial detention have found that even a small number of days in custody awaiting trial can have many negative effects, increasing the likelihood that people will be found guilty, harming their housing stability and employment status and, ultimately, increasing the chances that they will be convicted on new charges in the future. Indeed, in felony cases pretrial incarceration increases the likelihood of conviction, and lessens the chance that the charge will be reduced to a misdemeanor.

1.3     DPD attorneys find that clients who are able to come to their arraignments out-of-custody are more likely to remain out-of-custody.

1.4     The King County Prosecuting Attorney's Office has a longstanding practice of seeking to change conditions of pretrial release set by the District Court—including bail amounts—by seeking a warrant in King County Superior Court *ex parte* for the same alleged criminal conduct already considered by the District Court after an attorney has already made an appearance. This violates DPD's clients' constitutional, statutory, and court-rule created rights. DPD's lawsuit action challenges this unlawful practice.

1.5     The King County Department of Public Defense (DPD) files this action against King County; King County Superior Court, Presiding Judge Jim Rogers,  King County Prosecuting Attorney's Office, Judge Karen Donohue, and Judge Veronica Galvan (hereinafter collectively "King County Superior Court"); and King County Prosecutor Dan Satterberg and King County Prosecuting Attorney's Office Criminal Division Lead Attorney Dan Clark (collectively "King County Prosecuting Attorney's Office" or "Prosecuting Attorney's Office").[1]

1.6     DPD seeks an order declaring unlawful King County's longstanding practice of requesting and granting requested changes to conditions of release—including bail amounts—*ex parte* after an individual has received a bail determination—for the same alleged criminal

---

[1] King County, King County Superior Court, and the King County Prosecuting Attorney's Office are collectively referred to as "Defendants" and/or "King County."

COMPLAINT – 2

conduct—at a first appearance before a King County District Court. DPD seeks an injunction to protect DPD clients from Defendants' unlawful actions.

## II.    JURISDICTION

2.1    Subject matter jurisdiction is proper in this Court pursuant to the Uniform Declaratory Judgment Act under RCW 7.24.010 and RCW 7.24.020.

2.2    Jurisdiction and venue are proper in this Court pursuant to RCW 36.01.050 as this matter challenges actions by King County.

## III.    PARTIES

### Plaintiff Anita Khandelwal
### Director of the King County Department of Public Defense

3.1    The King County Department of Public Defense provides legal representation to indigent adults and juveniles who are facing a loss of liberty at the hands of the government and who cannot afford to hire attorneys to represent them.

3.2    DPD provides "representation to indigent individuals in legal proceedings, including those in superior and district court for King County . . . to the extent required under the sixth amendment to the United States Constitution or Article I, Section 22, of the Constitution of the State of Washington." King County Code 350.20.60.

3.3    Anita Khandelwal is the Director of DPD and the county public defender. *See* King County Code 350.20.61. As Director of DPD, Khandelwal has a duty to ensure that DPD fosters and promotes "system improvements, efficiencies, access to justice, and equity" in the criminal legal system. King County Charter 2.60.020(B)(7). Khandelwal, as the Director of DPD, also has a particularized interest in challenging unlawful bail practices on behalf of DPD's clients.

3.4    DPD has over 200 attorneys providing direct representation to indigent individuals and represents over 85% of King County's indigent defendants. In 2019, DPD represented 16,244 individuals in King County courts.

COMPLAINT – 3

3.5     DPD promotes access to justice and equity by advocating for the rights—derived from the United States and Washington constitutions and Washington court rules—of individuals involved in the criminal legal system. This is core to DPD's mission and is a guiding principle for DPD's public defense teams—including attorneys, paralegals, investigators, social workers, and administrative staff. DPD marshals its staff time and resources to ensure that the rights of individuals involved in the criminal legal system are protected.

**DEFENDANTS**
**King County, King County Superior Court,**
**Judge Rogers, Judge Galvan, Judge Donohue**
**King County Prosecuting Attorney's Office,**
**King County Prosecuting Attorney Dan Satterberg, and Chief Deputy of the King County**
**Prosecuting Attorney's Office Criminal Division Dan Clark**

3.6     Defendant King County is a county of Washington State. At all times relevant the challenged actions and practices in this matter were taken, defended by, and implemented by employees of Defendant King County and occurred within the geographic confines of King County.

3.7     Defendant King County Superior Court is the superior court responsible for adjudicating felony criminal matters in King County, Washington. At all times relevant the challenged actions and practices in this matter were taken, defended by, and implemented by employees of Defendant King County Superior Court.

3.8     Defendant Judge Jim Rogers is the current presiding judge of the King County Superior Court. Presiding Judge Rogers is responsible for supervising the judicial business of the Superior Court, including the actions and practices challenged in this matter.

3.9     Defendant King County Superior Court Judge Veronica Galvan is the Chief Judge of the King County Superior Court at the Regional Justice Center (RJC) and is responsible for

COMPLAINT – 4

supervising the judicial business of the Superior Court at the RJC, including the actions and practices challenged in this matter.

3.10    Defendant Judge Karen Donohue is the Chief Criminal Judge of the King County Superior Court and is responsible for supervising the judicial business of the criminal practice of King County Superior Court, including the actions and practices challenged in this matter.

3.11    Defendant Dan Satterberg is King County's Prosecuting Attorney and is responsible for overseeing the practices and policies of all prosecutors working at the King County Prosecuting Attorney's, Office including the actions and practices challenged in this matter.

3.12    Defendant Dan Clark is the Chief Deputy of the King County Prosecuting Attorney's Office Criminal Division and is responsible for overseeing the practices and policies of the criminal division at the King County Prosecuting Attorney's Office, including the actions and practices challenged in this matter.

## IV.    ALLEGATIONS

4.1    DPD clients—and others involved in the criminal legal system—have a right to be free from undue infringement on the right to counsel as guaranteed by the Sixth Amendment.

4.2    DPD clients—and others involved in the criminal legal system—have a right to due process of the law as guaranteed by the procedural and substantive due process protections ensconced in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 3 of the Washington State Constitution.

4.3    DPD clients—and others involved in the criminal legal system—have rights bestowed upon them by Washington State's criminal court rules that guarantee that the right to a lawyer accrues after whichever occurs first: "the defendant is taken into custody, appears before a committing magistrate, or is formally charged[.]" CrR 3.1(b)(1).

COMPLAINT – 5

4.4     DPD clients—and others involved in the criminal legal system—have the right to counsel "at every stage of the proceedings" in a criminal matter after the initial right to counsel has attached. CrR 3.1(b)(2).

4.5     DPD's clients subjected to criminal investigations and prosecutions in King County are brought before the King County District Court for a first appearance hearing. In these hearings individuals have a right to counsel (and DPD attorneys are appointed to represent all individuals, who do not have a private attorney) to ensure that their interests and release arguments are heard in any pretrial release determinations—including the setting of bail.

4.6     If the King County District Court finds probable causes exists that a crime was committed, the court will then hear arguments from a King County Prosecuting Attorney and a DPD attorney regarding the conditions of release—including the appropriate setting of bail. Once such argument is made, the King County District Court will then order conditions of release—potentially including a requirement of the posting of cash bail.

4.7     In some cases, after a first appearance in District Court, King County prosecutors request changes to pre-trial release conditions from King County Superior Court *ex parte* for the same allegations that the District Court has already evaluated.

4.8     The King County Superior Court proposed amending the local criminal rule 2.2 to prohibit the practice DPD challenges. The King County Superior Court did not adopt the proposed rule.

4.9     Defendants' practice of bringing individuals before a King County District Court judge for a first appearance—where the court finds whether probable cause exists for alleged criminal conduct and holds a Criminal Rule 3.2 determination of appropriate pretrial release conditions where the individual has a right to counsel—and then *ex parte* seeking and granting changes to pretrial release conditions before the King County Superior Court without notice to the

COMPLAINT – 6

1  individual and/or their appointed counsel violates constitutionally, statutorily, and court rule

2  derived protections for individuals involved in the criminal legal system.

3  ## V.      FIRST CAUSE OF ACTION

4  **(Violation of the Sixth Amendment and Article I, Section 22 Right to Counsel)**

5  5.1     Plaintiff realleges and incorporates by reference herein all the allegations of

6  paragraphs 1.1 through 4.9.

7  5.2     The right to counsel attaches to any and all stages of a criminal proceeding that is

8  critical to the outcome or where the presence of counsel would contribute to the fairness of the

9  procedure—including requests to change conditions of pretrial release—and is protected by the

10 Sixth Amendment of the United States Constitution and Article, I, section 22 of the Washington

11 State Constitution.

12 5.3     Defendants have a longstanding practice of requesting and granting *ex parte*

13 changes to DPD clients' pretrial release conditions imposed by King County District Court after a

14 finding of probable cause—related to the same alleged criminal conduct—without providing

15 notice to DPD clients or attorneys.

16 5.4     Without knowledge of Defendants' request and grant of changed pretrial release

17 conditions—including bail amounts related to the same underlying alleged criminal conduct

18 already considered by the District Court—DPD clients and attorneys rely upon the District Court's

19 pretrial release conditions in making life decisions and providing legal advice to clients about

20 pending criminal matters.

21 5.5     Defendants' practice violates DPD clients' Sixth Amendment right to counsel.

22 5.6     Defendants' practice violates DPD clients' right to counsel under Article I, Section

23 22 of the Washington State Constitution.

24 5.7     Defendants' practice violates DPD's ability to provide counsel in accordance with

25 the Sixth Amendment.

COMPLAINT – 7

5.8     Defendants' practice violates DPD's ability to provide counsel in accordance with Article I, Section 22 of the Washington State Constitution.

## VI.     SECOND CAUSE OF ACTION

**(Violation of Due Process Guaranteed by
the Fifth and Fourteenth Amendments of the United States Constitution and
Article I, Section 3 of the Washington State Constitution)**

6.1     Plaintiff realleges and incorporates by reference herein all the allegations of paragraphs 1.1 through 5.8.

6.2     The due process protections of the United States and Washington constitutions' guarantee individuals a right to be free from incarceration absent a criminal conviction.

6.3     The right to freedom from incarceration absent a criminal conviction is a cognizable liberty interest that due process demands can only be restricted by pretrial release conditions where the government is able to meet a particular showing.

6.4     Changes to pretrial release conditions implicate due process protected liberty interests.

6.5     The United States and Washington State constitutions demand that an individual be provided notice and an opportunity to be heard regarding changes to pretrial conditions of release—including bail amounts.

6.6     Without knowledge of Defendants' request and grant of changed pretrial release conditions—including bail amounts arising from the same underlying alleged criminal conduct— DPD clients and attorneys rely upon the District Court's pretrial release conditions in making life decisions and providing legal advice to clients about pending criminal matters.

6.7     Defendants' practice violates DPD clients' due process rights—under the Fifth and Fourteen Amendments.

6.8     Defendants' practice violates DPD clients' due process rights under Article I, Section 3 of the Washington State Constitution.

COMPLAINT – 8

6.9     Defendants' practice violates DPD's ability to provide advice and argument when the King County Superior Court considers the Prosecuting Attorney's Office request for changes in pretrial release conditions—including bail amounts—causing systemic violations of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 22 of the Washington State Constitution.

## VII.    THIRD CAUSE OF ACTION

### (Violation of Washington State Court Rule 3.1)

7.1     Plaintiff realleges and incorporates by reference herein all the allegations of paragraphs 1.1 through 6.9.

7.2     Washington State criminal court rules create a right to counsel that attaches "after the defendant is taken into custody, appears before a committing magistrate, or is formally charged[.]" CrR 3.1(b)(1).

7.3     Washington State criminal court rules require that "lawyers shall be provided at every stage of the proceedings" of a criminal matter after the right has attached pursuant to Criminal Rule 3.1. CrR 3.1(b)(2).

7.4     Without knowledge of Defendants' request and grant of changed pretrial release conditions—including bail amounts related to the same underlying alleged criminal conduct—DPD clients and attorneys rely upon the District Court's pretrial release conditions in making life decisions and providing legal advice to clients about pending criminal matters.

7.5     Defendants' practices violate DPD clients' rights under Criminal Rule 3.1(b)(1).

7.6     Defendants' practices violate DPD clients' rights under and Criminal Rule 3.1(b)(2).

7.7     Defendants' practice violates DPD's ability to provide advice and argument when the King County Superior Court considers the Prosecuting Attorney's Office request for changes

COMPLAINT – 9

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

1  in pretrial release conditions—including bail amounts—causing systemic violations of Criminal

2  Rule 3.1.

3  ### VIII.   PRAYER FOR RELIEF

4      Wherefore, DPD prays that the Court:

5      8.1    Declare that Defendants' practice of bringing individuals before a King County

6  District Court judge for a first appearance—where the right to counsel attaches, the court

7  determines whether probable cause exists to believe that DPD's client committed a crime, and set

8  conditions of pretrial release pursuant to Criminal Rule 3.2—and then *ex parte* seeks and grants

9  changes to pretrial release conditions in King County Superior Court without notice to the

10  individual and/or their counsel violates constitutional and court rule derived protections for

11  individuals involved in the criminal legal system.

12      8.2    Declare that any local rules that purport to grant Defendants the authority to bring

13  individuals before a King County District Court judge for a first appearance—where the right to

14  counsel attaches, the court determines whether probable cause exists to believe that DPD's client

15  committed a crime, and set conditions of pretrial release pursuant to Criminal Rule 3.2— and then

16  *ex parte* seeks and grants changes to pretrial release conditions in King County Superior Court

17  without notice to the individual and/or their counsel violates constitutional and court rule derived

18  protections for individuals involved in the criminal legal system.

19      8.3    Declare that Defendants must comply with the Sixth Amendment and not seek or

20  grant changes to pretrial release conditions imposed by the King County District Court—including

21  bail amounts—without providing notice and the opportunity to be heard to individual defendants

22  and their counsel.

23      8.4    Declare that Defendants must comply with Article I, Section 22 of the Washington

24  State Constitution and not seek or grant changes to pretrial release conditions imposed by the King

25

COMPLAINT – 10

County District Court—including bail amounts—without providing notice and the opportunity to be heard to individual defendants and their counsel.

8.5    Declare that Defendants must comply with the Fifth and Fourteenth Amendments of the United States Constitution's due process requirements and not seek or grant changes to pretrial release conditions imposed by the King County District Court—including bail amounts—without providing notice to individual defendants and their counsel.

8.6    Declare that Defendants must comply with Article I, section 3 of the Washington State Constitution's due process requirements and not seek or grant changes to pretrial release conditions imposed by the King County District Court—including bail amounts—without providing notice to individual defendants and their counsel.

8.7    Declare that Defendants must comply with Washington State criminal court rules and not seek or grant changes to pretrial release conditions imposed by the King County District Court—including bail amounts—without providing notice to individual defendants and their counsel.

8.8    Enjoin Defendants from bringing individuals before a King County District Court judge for a first appearance—where the right to counsel attaches, the court determines whether probable cause exists to believe that DPD's client committed a crime, and set conditions of pretrial release pursuant to Criminal Rule 3.2— and then *ex parte* seeking and granting changes to pretrial release conditions before the King County Superior Court without notice to the individual and their counsel.

8.9    Award any additional relief as the interests of justice may require.

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

DATED this 9th day of April 2021.

Respectfully Submitted:

ANITA KHANDELWAL
Director
King County Department of Public Defense

s/Gordon Hill
Gordon Hill, WSBA No. 36663
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 477-9006
Email: gordon.hill@kingcounty.gov

s/La Rond Baker
La Rond Baker, WSBA 43610
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 263-6884
Fax: (206) 296-0587
Email: lbaker@kingcounty.gov

s/Brian Flaherty
Brian Flaherty, WSBA No. 41198
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 477-8729
Email: brian.flaherty@kingcounty.gov

COMPLAINT – 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, I delivered copies of the foregoing document to

ABC Legal Messengers, which will process serve a copy of the foregoing document on:

King County Prosecuting Attorney's Office
KCPAO – Civil Division
Email Service Only to: karen.todd@kingcounty.gov; diana.cherberg@kingcounty.gov;
and dan.ferndandez@kingcounty.gov)
(Office at 500 – 4th Avenue, Suite 900, Seattle, WA 98104 closed due to pandemic)
*Defendant*

Dan Satterberg
King County Prosecuting Attorney
KCPAO – Civil Division
Email Service Only to: karen.todd@kingcounty.gov; diana.cherberg@kingcounty.gov;
and dan.ferndandez@kingcounty.gov)
(Office at 500 – 4th Avenue, Suite 900, Seattle, WA 98104 closed due to pandemic)
*Defendant*

Dan Clark
King County Deputy Prosecuting Attorney
KCPAO – Civil Division
Email Service Only to: karen.todd@kingcounty.gov; diana.cherberg@kingcounty.gov;
and dan.ferndandez@kingcounty.gov)
(Office at 500 – 4th Avenue, Suite 900, Seattle, WA 98104 closed due to pandemic)
*Defendant*

King County
Clerk of the King County Council
Email Service Only: clerkemergencyserviceprocess@kingcounty.gov
(Office at 516 – 3rd Avenue, Room 1200, Seattle, WA 98104 closed due to pandemic)
*Defendant*

King County Superior Court
King County Superior Court Administration
516 – 3rd Avenue, Room C912
Seattle, WA 98104
*Defendant*

COMPLAINT – 13

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

Presiding Judge Jim Rogers
King County Superior Court Administration
516 – 3rd Avenue, Room C912
Seattle, WA 98104
*Defendant*

Judge Karen Donohue
King County Superior Court Administration
516 – 3rd Avenue, Room C912
Seattle, WA 98104
*Defendant*

Judge Veronica Galvan
Maleng Regional Justice Center
401 – 4th Avenue N, Room 2D
Kent, WA 98032
*Defendant*

s/ *La Rond Baker*
La Rond Baker, WSBA No. 43610
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 263-6884
Fax: (206) 296-0587
Email: lbaker@kingcounty.gov

COMPLAINT – 14