THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANITA KHANDELWAL, Director, King County Department of Public Defense,<br><br>            Plaintiff,<br><br>      vs.<br><br>KING COUNTY, KING COUNTY SUPERIOR COURT,  PRESIDING JUDGE JIM ROGERS in his official capacity, JUDGE KAREN DONOHUE in her official capacity, JUDGE VERONICA GALVAN in her official capacity, KING COUNTY PROSECUTING ATTORNEY'S OFFICE, KING COUNTY PROSECUTING ATTORNEY DAN SATTERBERG in his official capacity, and KING COUNTY DEPUTY PROSECUTING ATTORNEY DAN CLARK in his official capacity,<br><br>          Defendants. | No. 3:21-CV-05314<br><br>REPLY TO KING COUNTY SUPERIOR COURT DEFENDANTS AND KING COUNTY DEFENDANTS' RESPONSES TO MOTION TO FILE AMENDED COMPLAINT<br><br>**NOTED FOR:** May 21, 2021<br>*Without Oral Argument* |

## I.    INTRODUCTION

King County Defendants now attempt to force Plaintiff Khandelwal to strip her of the right to amend her complaint and force her to litigate claims she has determined are unnecessary to obtain the relief she seeks. Defendants objection to the Motion to Amend Complaint should be rejected for three reasons: (1) Federal Rule of Civil Procedure 15(a) grants Plaintiff Khandelwal

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

the right to amend her Complaint; (2) King County Defendants have made no showing that the amendment is sought in bad faith, will cause undue delay or prejudice to defendants, or that the requested amendments are futile; (3) determining the legality of King County Defendants' practice under the Washington State Constitution and Washington State Court Rules would in no way create a binding interpretation of protections flowing from the Sixth Amendment of the United State Constitution; and (4) even if the "artfully pleaded" complaint doctrine applied to Rule 15(a)(1) amendments it is not implicated in a Plaintiff's decision to pursue remedies under state constitutional and court rule derived protections. King County Defendants' objections to the Motion to Amend should be rejected and Plaintiff Khandelwal's Amended Complaint be entered.

## II.    ARGUMENT

### A.  Rule 15(a)(1) Provides Plaintiff Khandelwal the Right to Amend Her Complaint

There is no doubt that the express language of Federal Rule of Civil Procedure 15(a)(1) provides Plaintiff Khandelwal the right to amend her Complaint. Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff the opportunity to amend its Complaint as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. Pro. 15(a)(1). *See Ski Lifts, Inc. v. Schaeffer Manufacturing Co.*, No. C19-0062-JCC, 2020 WL 1128207 at *2 (W.D. Wash. 2020) (affirming at [a] party may amend its pleading once as a matter of course"). The right to amend one's complaint also includes the right to remove federal claims—even after removal. *See Stub v. Credit Control Servs. Inc.*, No. C20-6118 TLF, 2021 WL 141530, at *2 (W.D. Wash. 2021) (affirming dismissal of federal claims pursuant to a first amended complaint filed after removal to the Western District of Washington); *Falconbridge v. Bank of Am., N.A.*, No. C20-0636JLR, 2020 WL 4057773, at *2 (W.D. Wash. July 20, 2020) (same) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)); *Bennett v. Chicago Title Ins. Co.*, No. C13-1354RSL, 2013 WL 6795167, at *2

REPLY ON MOTION TO FILE AMENDED
COMPLAINT – 2

(W.D. Wash. Dec. 17, 2013 (same); *Wright v. N. Am. Terrazzo*, No. C12-2065JLR, 2013 WL 3978235, at *3 (W.D. Wash. Aug. 2, 2013) (same). [1]

Plaintiff Khandelwal timely filed an Amended Complaint consistent with Rule 15(a)(1) and she now respectfully requests that same be entered by the Court, the previous Complaint be rendered void, and the Amended Complaint given its full effect.

Although no explanation is necessary for Plaintiff Khandelwal to exercise her right to amend her Complaint, she notes that she chose to remove federal claims that are unnecessary for determining the lawfulness of King County Defendant's practice of changing conditions of pretrial release—including bail amounts—*ex parte* without notice to defendants or their attorneys. Indeed, a declaration of whether King County Defendants' practice comports with Washington State Constitution's right to counsel and due process protections and Washington State Criminal Court Rules is more than sufficient to protect individuals subjected to the criminal legal system in King County and ensure that Plaintiff Khandelwal is meeting her obligations of ensuring and promoting equity and justice in the legal system for all involved—including indigent defendants. Due to this clear right to amend and the sufficiency of state claims to resolve any outstanding issues, King County Defendants' attempt to force Plaintiff Khandelwal to litigate federal constitutional claims she has deemed unnecessary to resolve the outstanding conflict should be rejected and her Amended Complaint entered as requested. Further, it must be noted that—although Defendants did not notice—Plaintiff Khandelwal amended her Complaint to include a more exacting request for relief regarding whether King County Defendants' policy and practice complies with Criminal Court Rule 3.2.

---

[1] Although there is no currently pending motion to remand before the Court, it is important to note that amendment of a complaint to remove federal claims on its own does not defeat supplemental jurisdiction over remaining state law claims. *See Albingia Versicherings A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938–39 (9th Cir. 2003), *amended and superseded on other grounds by* 350 F.3d 916 (9th Cir. 2003). Instead, "a federal district court has discretion [and a powerful reason] under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal law claims in the action have been eliminated and only pendent state-law claims remain." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988). Plaintiff Khandelwal intends to file a separate motion to remand.

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

**B. King County Defendants Have Not Alleged or Proven any Factors Supporting Denial of Plaintiff Khandelwal's Motion to Amend**

As King County Defendants note, a showing of bad faith, undue delay, prejudice to the opposing party, and/or futility could support a trial court's decision to deny a motion to amend a complaint. *See also* King County Court Defendants' Response (Dkt. 14) at 3 (citing *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1153 (9th Cir. 2016); King County Response (Dkt. 12) at 3. King County Defendants do not directly address or brief three of the four factors in their responsive briefing. *See generally* Dkt. 12 and Dkt. 13.

The closest the King County Defendants come to addressing these factors is the bald assertion from the King County Superior Court defendants who argue that "Defendants would be prejudiced if Plaintiff were able to cloak her federal law claims . . . only to unveil them through further amendments in state court." Dkt. 14 at 5. This argument must be rejected as wholly speculative. Plaintiff seeks to dismiss her federal claims because a determination of the lawfulness of King County Defendants' practice under the state constitution and state criminal court rules is sufficient to resolve her concerns about the practice. Defendants provide this court with nothing more than the hypothetical potential of a future amendment to defeat Plaintiff's right to control the claims she litigates. This speculative concern is insufficient to support a claim of prejudice. Further, if any such issue were to arise in the future, the court system will be well-equipped to address it then and to protect Defendants' interests.

**C. Resolution of Plaintiff's Claims Under State Constitutional and Criminal Court Rule Protections Does Not Require Resolving Federal Constitutional Questions**

King County Defendants also seem to argue that amending her Complaint to focus solely on state constitutional and criminal court rule protections is "seeking to preserve . . . federal claims by hiding them behind state constitutional provisions" and that such a move is "a dilatory maneuver for the purposes of gamesmanship." Dkt. 12 at 3-4. King County Defendants' arguments fail because determining whether a Washington State Constitution based protection exists is not solely contingent on finding whether its federal counterpart is violated.

REPLY ON MOTION TO FILE AMENDED COMPLAINT – 4

Contrary to King County Defendants' claim Plaintiff is not attempting to "preserve those federal claims by hiding them behind state constitutional provisions[.]" Dkt. 12 at 3-4. Plaintiff seeks to dismiss her federal constitutional claims because a declaration of whether King County Defendants' practice comports with Washington State Constitution Article I, sections 3 (due process) and 22 (right to counsel) and with Washington State Criminal Court Rules 3.1 and 3.2 will sufficiently determine what process person must be afforded before there can be an increase of an already set pretrial release condition—including bail amounts. Further, a state court interpretation of a state constitutional and/or court rule derived right has no binding effect of the federal constitution. Indeed, it is undisputed that how Washington courts interpret the state constitution and/or court rule based due process and right to counsel guarantees has no binding or preclusive effect on any federal counterparts—namely the Fifth, Fourteenth and Sixth Amendments. Defendants cite to no case law that would support their argument because—none exists—and such arguments turns the principle of federalism on its head.

Defendants' argument also fails because—even if a state court constitutional protection could be imputed to a federal constitutional protection—Washington State's due process and right to counsel protections are not exclusively coextensive with their federal counterparts. Indeed, although *State v. Medlock*, 935 P.2d 693, 698 (Wash. Ct. App. 1997), relied upon by King County Defendants for the proposition that Washington State constitutional right to counsel is identical to the Sixth Amendment, it must be noted that in Washington "when the court rejects an expansion of rights under a particular state constitutional provision in one context, it does not necessarily foreclose such an interpretation in another context." *State v. Russell*, 882 P.2d 747, 770 (Wash. 1994), cert. denied, 514 U.S. 1129 (1995). *See also State v. Dalluge*, 98 Wash. App. 1016 (1999). Indeed, in *State v. Ponozzo*, the court rejected the argument that the right to counsel will always be coextensive with its Sixth Amendment counterpart. 97 Wash. App. 1059 (1999). Similarly, King County Defendants' argument that Washington's due process protections are coextensive with their Fifth and Fourteenth Amendment protection is flawed. King County Defendants rely

REPLY ON MOTION TO FILE AMENDED
COMPLAINT – 5

on *Matter of Dependency of E.H.* for the proposition that Washington's due process protections are coextensive with federal protections. *See* Dkt. 12 at 4 (citing *E.H.*, 427 P.3d 587 (Wash. 2018) (analyzing right to counsel in dependency proceedings); *State v. Jordan*, 325 P.3d 181, 184 (2014)). However, King County Defendants failed to note that these cases are in the dependency context—which is radically different than the criminal practice challenge at issue here. Further undermining King County Defendants' arguments, Washington courts have found that *Gunwall* "weigh[s] in favor of an independent state constitutional analysis" when interpreting due process in certain contexts. *Matter of Dependency of S.K.-P.*, 401 P.3d 442, 454 (2017) *aff'd sub nom. Matter of Dependency of E.H.*, 427 P.3d 587 (2018).

Of note, although King County Defendants claim—without any basis—that Plaintiff Khandelwal is not "pursuing a divergent meaning for state constitutional provisions over their federal counterparts" such advocacy and request for legal interpretation is not barred and is well within the purview of Plaintiff's request for declaratory judgment. Dkt. 12 at 4. This is true even though King County Defendants argue—without merit or legal support—that Plaintiff Khandelwal is somehow barred from relying solely state claims because a previous lawsuit relied upon federal claims—even though that lawsuit was brought by a different plaintiff, litigated by different attorneys, and that was dismissed as moot prior to any legal adjudication of the merits of the claims.[2]

### D. Resolution of Plaintiff's Claims Under State Constitutional and Criminal Court Rule Is Not Barred by the Artfully Pleaded Complaint Doctrine

King County Defendants also argue that Plaintiff Khandelwal should be denied the ability to amend her Complaint because doing so would trigger the "artfully pleaded" complaint rule that allows federal courts to look beyond the four corners of a complaint to determine whether the

---

[2] King County Defendants' argument ignores basic facts about the case that they recently defended against, as *Pimentel v. King County* involved a challenge under both federal and state constitutions. *See* Pimentel Application for Writ, available at http://www.courts.wa.gov/content/Briefs/A08/981540%20Petition%20for%20Writ.pdf#search=pimentel.

REPLY ON MOTION TO FILE AMENDED
COMPLAINT – 6

claims trigger original federal jurisdiction. *See* Dkt. 14 at 4-5; Dkt. 16 at 4-5. King County Defendants' arguments fail as the "artfully pleaded" complaint doctrine is not triggered by Plaintiff Khandelwal's motion to amend her Complaint.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860–61 (9th Cir. 1987). If federal law does not create the plaintiff's cause of action, the suit may still "arise under" federal law, but *only if* "it appears that some *substantial,* disputed question of federal law is a *necessary element* of one of the well-pleaded state claims," or that one or the other claim is 'really' one of federal law. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (emphasis added)).

Although the "artfully pleaded" or "well-plead" complaint doctrine is an analytical tool used to determine when remand may or may not be appropriate, King County Defendants rely upon the doctrine here to argue that Plaintiff Khandelwal must not be allowed to amend her Complaint to remove federal constitutional claims. King County Defendants provide no citation or argument as to how the "artfully pleaded" rule applies in the context of a Rule 15(a)(1) amendment and instead pull random quotes from a few cases in hopes of supporting the insinuation that Plaintiff Khandelwal's decision to proceed solely with her state constitutional and court rule based claims is somehow improper. They are incorrect.

*First*, none of the cases they rely upon support the court denying Plaintiff Khandelwal the right to amend her Complaint. *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1473 (9th Cir. 1984) (noting that the doctrine will not allow a party to hide facts in order to avoid disclosing the true nature of the complaint); *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984) (finding removal inappropriate where claim arose from state public policy

REPLY ON MOTION TO FILE AMENDED COMPLAINT – 7

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE DIRECTOR'S OFFICE 710 SECOND AVENUE, SUITE 200 SEATTLE, WA 98104 (206) 296-7662

protections and noting that "[t]he plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action").

*Second*, inasmuch as King County Defendants' argument is that the "artfully pleaded" complaint rule requires the Court to consider the federal constitutional claims that Plaintiff Khandelwal has removed from her Complaint, their argument fails. "If federal law does not create the plaintiff's cause of action, the suit may still "arise under" federal law, but *only if* 'it appears that some *substantial,* disputed question of federal law is a *necessary element* of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law.'" *Lyster v. First Nationwide Bank Fin. Corp.*, 829 F. Supp. 1163, 1166 (N.D. Cal. 1993) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Here, the federal constitutional claims are not an element of the state constitutional claims nor are they an element of the state criminal rule claims. This ends the inquiry. And—even if this matter were regarding remand—and not Rule 15(a)(1) amendment—the "artfully pleaded" complaint rule not applicable. Indeed, a court would not need to look to any federal constitutional law to make a determination as to whether King County Defendants' comports with Washington's constitutional and court rule based protections.[3]

## III.    CONCLUSION

For the foregoing reasons the Court should grant Plaintiff Khandelwal's request to enter her Amended Complaint pursuant to Rule 15(a)(1)'s guarantee.

DATED this 21st day of May 2021.

Respectfully Submitted:

ANITA KHANDELWAL
Director
King County Department of Public Defense

---

[3] The one case that King County Defendants cite for the proposition that amendment is inappropriate here, *Marchant v. Evett*, was a procedurally flawed case wherein the amended complaint "was not properly filed" and "was not subject to removal"—which were the questions at issue in the case. 2006 WL 8446094 (D. Idaho Apr. 6, 2006).

REPLY ON MOTION TO FILE AMENDED
COMPLAINT – 8

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*s/Gordon Hill*
Gordon Hill, WSBA No. 36663
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 477-9006
Email: gordon.hill@kingcounty.gov

*s/La Rond Baker*
La Rond Baker, WSBA 43610
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 263-6884
Fax: (206) 296-0587
Email: lbaker@kingcounty.gov

*s/Brian Flaherty*
Brian Flaherty, WSBA No. 41198
King County Department of Public Defense
710 Second Avenue, Suite 200
Seattle, WA 98104
Phone: (206) 477-8729
Email: brian.flaherty@kingcounty.gov

REPLY ON MOTION TO FILE AMENDED
COMPLAINT – 9

1

**CERTIFICATE OF SERVICE**

2
        I hereby certify that on May 21, 2021, I served by email one copy of the foregoing

3
document on the following:

4
Steven Fogg

5
Victoria Ainsworth
Corr Cronin, LLP

6
sfogg@corrcronin.com
tainsworth@corrcronin.com

7
*Attorneys for Defendants King County Superior Court, Presiding Judge Jim Rogers, Judge Karen Donohue, and Judge Vernoica Galvan*

8

9
David J. Hackett
Ann Summers

10
King County Prosecuting Attorney's Office
Civil Division

11
david.hackett@kingcounty.gov
ann.summers@kingcounty.gov

12
*Attorneys for Defendants King County, King County Prosecuting Attorney's Office, King County Prosecuting Attorney Dan Satterberg, and King County Deputy Prosecuting Attorney*

13
*Dan Clark*

14
s/ *La Rond Baker*
La Rond Baker, WSBA No. 43610

15
King County Department of Public Defense

16
710 Second Avenue, Suite 200
Seattle, WA 98104

17
Phone: (206) 263-6884
Fax: (206) 296-0587

18
Email: lbaker@kingcounty.gov

19

20

21

22

23

24

25

REPLY ON MOTION TO FILE AMENDED
COMPLAINT – 10

KING COUNTY DEPARTMENT OF PUBLIC DEFENSE
DIRECTOR'S OFFICE
710 SECOND AVENUE, SUITE 200
SEATTLE, WA 98104
(206) 296-7662