# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ANITA KHANDELWAL,

    Plaintiff,

v.

KING COUNTY, et al.,

    Defendants.

CASE NO. C21-5314 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the Court on Plaintiff Anita Khandelwal's, Director, King County Department of Public Defense, motion for leave to file amended complaint. Dkt. 6. The Court has considered the motion, the briefing, and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

Khandelwal filed her complaint on April 9, 2021 in the Superior Court for the State of Washington, Pierce County. Dkt. 1-2. She alleges that the King County Prosecuting Attorney's Office's practice of seeking to change conditions of pretrial release *ex parte* violates the Department of Public Defense's clients' constitutional, statutory, and court-rule created rights. Specifically, she alleges violations of the Sixth

Amendment's and Article I, Section 22 of the Washington Constitution's right to counsel, the due process protections in the Fifth and Fourteenth Amendments and Article I, section 1 of the Washington Constitution, and violation of Washington State Court Rule 3.1. On April 29, 2021, Defendants King County Superior Court, Presiding Judge Jim Rogers, Judge Karen Donohue, and Judge Veronica Galvan ("KCSC Defendants") removed the case to this Court on the basis of federal question jurisdiction. Dkt. 1.

On May 3, 2021, Khandelwal moved to amend her complaint to remove alleged violations of federal law and add an alleged violation of Washington State Court Rule 3.2. *See* Dkt. 6-1. On May 17, 2021, Defendants King County, King County Prosecuting Attorney's Office, Dan Clark, and Dan Satterberg ("County Defendants") responded, Dkt. 12, and the KCSC Defendants also responded, Dkt. 14. On May 21, 2021, Khandelwal replied. Dkt. 15.

Khandelwal argues that she is entitled to amend her complaint as a matter of course and seeks to amend her complaint to omit her federal claims because state law will provide the relief she seeks. The KCSC Defendants contend that the amendment sought represents "a dilatory maneuver for the purpose of gamesmanship." Dkt. 12 at 4. The County Defendants contend that the amended complaint "attempt[s] to use amendments to alter and evade the legitimate federal claims in this case." Dkt. 14 at 3.

## II. DISCUSSION

The Court first considers whether amendment is proper under Federal Rule of Civil Procedure 15. In determining whether to grant leave under Rule 15, courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir 1990).

A court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rukoff-Sexton, Inc.*, 845 F.2d 2019, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendants' arguments pertain to the risk of destroying the Court's subject-matter jurisdiction and whether the amended complaint could be remanded, rather than to directly establishing bad faith, undue delay, prejudice, or futility.

While "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action," 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 1477 (2d ed 1990), "[i]t is well settled 'that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings,'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (1991) (quoting *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986)). "It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendant state claims or to remand them to state court." *Id.* (citations omitted). The Court does not find bad faith, undue delay, or prejudice in Khandelwal's assessment that she can secure complete relief asserting only claims under state law.

Whether this case should be remanded is a subject for a separate motion, one that Khandelwal has indicated that she intends to file. Dkt. 15 at 3 n.1. Defendants may present their contention that Khandelwal's complaint is artfully pleaded and not properly subject to remand in response to such a motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Khandelwal's motion for leave to file amended complaint, Dkt. 6, is **GRANTED**.

Dated this 7th day of July, 2021.

BENJAMIN H. SETTLE
United States District Judge