UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANITA KHANDELWAL,<br><br>            Plaintiff,<br><br>   v.<br><br>KING COUNTY, et al.,<br><br>            Defendants. | CASE NO. C21-5314 BHS<br><br>ORDER |

This matter comes before the Court on Plaintiff Anita Khandelwal's Motion for Remand. Dkt. 18.

## I. BACKGROUND

This case concerns the King County Prosecuting Attorney's Office's alleged practice of seeking to change pretrial release conditions set by the King County District Court by seeking a warrant in King County Superior Court, *ex parte*, for the same alleged criminal conduct considered by the District Court. Dkt. 1-2 at 2. Plaintiff Anita Khandelwal is the Director of the King County Department of Public Defense ("DPD") and a county public defender. *Id.* at 3. Khandelwal sued two sets of defendants: King County, King County Prosecuting Attorney's Office, Prosecuting Attorney Dan

ORDER - 1

Satterburg, and Chief Deputy of King County Prosecuting Attorney's Office Criminal Division Dan Clark (collectively "KCPAO") and King County Superior Court, Presiding Judge Jim Rogers, Judge Karen Donahue, and Judge Veronica Galvan (collectively "KCSC"). *Id.* at 2. Khandelwal asserted this practice violated DPD's clients' federal and state constitutional rights to counsel and due process and Washington State Court Rule 3.1. *Id.* at 2–3. KCPAO and KCSC timely removed the case to this Court based on the federal constitutional claims. Dkt. 1; *see also* 28 U.S.C. § 1331. Khandelwal amended her complaint, eliminating the two federal claims. Dkt. 17. Khandelwal now seeks remand, arguing that only state law claims remain. Dkt. 18.

In response, KCPAO and KCSC first argue that this Court retains original jurisdiction because federal constitutional claims are necessarily implied in Khandelwal's amended complaint. Dkt. 21 at 3–5; Dkt. 22 at 5–6. KCSC's secondary argument is that the Court should continue to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367, notwithstanding a lack of federal question jurisdiction, because "this Court is just as capable of adjudicating Plaintiff's claims as a state court—if not more so." Dkt. 22 at 7. Khandelwal persuasively argues that this Court lost original federal question jurisdiction when she amended her complaint and that this Court should not exercise supplemental jurisdiction because it is in the interest of judicial economy to remand. Dkts. 18, 23.

ORDER - 2

## II. DISCUSSION

**A. Legal Standard**

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is obligated to do so by a preponderance of the evidence. *Id.* at 567. "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). If a federal district court has original subject matter jurisdiction over a case, the court has no discretion to remand. *See Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994).

**B. The Court Does Not Have Original Jurisdiction over the Claims Asserted in Khandelwal's Amended Complaint.**

KCPAO and KCSC's primary argument is that the Court retains original subject matter jurisdiction because the federal claims are still at issue even though they are not present on the face of the amended complaint. Dkt. 21 at 3–5; Dkt. 22 at 5–6. To invoke the Court's original federal question jurisdiction, claims arising under federal law must be presented in a well-pleaded complaint. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). Under the artfully pleaded complaint doctrine, a plaintiff cannot "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Paige v. Henry J. Kaiser Co.*, 826 F.2d

857, 860 (9th Cir. 1987). In such case, the district court should recharacterize the complaint as if it were well-pleaded in determining jurisdiction. *Id.* at 861.

The artfully pleaded complaint doctrine has been narrowly applied to cases where federal law is essential to the plaintiff's claim. For example, in *Paige*, the court applied the artfully pleaded complaint doctrine because the plaintiff characterized wrongful discharge actions as state torts when they were actually claims for breach of a collective bargaining agreement, which were preempted under the Labor Management Relations Act. *Id.* at 861–62. Similarly, in *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468 (9th Cir. 1984), *overruled on other grounds Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985), the court applied the artfully pleaded complaint doctrine because the plaintiff characterized his labor law claims as state torts, but federal labor law provided an exclusive remedy. *Id.* at 1471–72.

In contrast, state constitutional claims are not preempted by federal constitutional claims—as in Khandelwal's original complaint, the two can be asserted together. *See* Dkt. 1-2 at 7–9; *see also, e.g.*, *State v. Gregory*, 192 Wn.2d 1, 14 (2018) (asserting claims under the cruel and unusual punishment clauses of both the state and federal constitutions). Alternatively, a plaintiff can choose not to assert federal constitutional claims with her state constitutional claims: "The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action." *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984). Moreover, federal constitutional claims are not essential to state constitutional claims. While provisions of state and federal constitutions may overlap or even be

identical, state constitutions can provide greater protection than the federal constitution. *Gregory*, 192 Wn.2d at 15. And a plaintiff's assertion of state constitutional claims without federal constitutional claims does not automatically trigger federal question jurisdiction. *Cf. Fields v. Waddington*, 401 F.3d 1018, 1020–21 (9th Cir. 2005) (refusing to infer federal constitutional claims from habeas petitioner's state constitutional claims for the purpose of satisfying the habeas exhaustion requirement). The Court takes Khandelwal at her word that she has no intention of advancing arguments in state court that her claims arise from the federal constitution. In sum, Khandelwal's amended complaint was not artfully pled to conceal an essential federal claim, and this Court does not have original jurisdiction over her state law claims.

**C.     The Court Will Not Exercise Supplemental Jurisdiction over Khandelwal's Remaining State Law Claims.**

KCSC's secondary argument is that even if this Court does not have original jurisdiction over the remaining claims, the Court should continue to exercise supplemental jurisdiction over the claims at its discretion. Dkt. 22 at 7; *see also* 28 U.S.C. § 1367(a), (c). KCSC is correct that the Court may hear "claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986)). But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, the district court should consider

judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.*

Khandelwal argues that she is asserting issues of first impression involving the scope of protections afforded by the Washington State Constitution and that the four factors therefore weigh in favor of remand. Dkt. 18 at 3–4. KCSC argues in response that these factors weigh in favor of this Court retaining jurisdiction because Khandelwal will undoubtedly rely on federal precedent to support her claims. Dkt. 22 at 7–8. KCSC also argues that it is settled law that the relevant portions of the Washington State Constitution afford the same level of protection as their federal counterparts and thus a federal court is better positioned to hear these claims. Dkt. 22 at 6–8. Khandelwal replies that Washington courts have not ruled on these specific issues because a holding that a state constitutional provision is coextensive with the federal constitution in one context does not foreclose a different result in another context. Dkt. 23 at 3–4; *see also State v. Russell*, 125 Wn.2d 24, 58 (1994).

All federal claims have been eliminated from this case, and thus the Court has full discretion to remand this case under § 1367. Moreover, the Court agrees with Khandelwal that the balance of the above-mentioned factors weighs in favor of remand. The convenience and fairness factors do not weigh heavily in either direction. But the remaining two factors, judicial economy and comity, weigh in favor of remand. Because

1 Washington state courts have not ruled on these specific issues, the remaining claims are

2 issues of first impression involving interpretations of the Washington State Constitution.

3 *See Russell*, 125 Wn.2d at 58. Moreover, very little time has elapsed in this case. The

4 case was removed about four months ago, Dkt. 1, and Khandelwal filed her amended

5 complaint two months ago, Dkt. 17. The only substantive filings have been the parties'

6 original pleadings, amended pleadings, and the filings regarding this motion. Because the

7 state court is better equipped to resolve state constitutional questions and this litigation is

8 still in its early stages, judicial economy weighs in favor of remand. Comity weighs in

9 favor of remand for a similar reason—state courts are tasked with the interpretation of the

10 state constitution.

11       Finally, KCSC argues that upon remand, Khandelwal could revive her federal

12 claims by amending her complaint in state court. Dkt. 22 at 8. If Khandelwal were to

13 amend her complaint again to include federal claims, Defendants could remove the action

14 under 28 U.S.C. § 1446(b)(3). This potential is not a reason to exercise supplemental

15 jurisdiction.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's Motion for Remand, Dkt. 18, is **GRANTED**. The Clerk shall remand this action to Pierce County Superior Court and close this case.

Dated this 13th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge